NAM: USAO 2016R00146

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 NOV 29  PM 4: 07

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
AT GREENBELT

BY_____ DEPUTY



| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** TDC 17 Cr 635 |
| | * | |
| **EMMANUEL KUSI APPIAH,** | * | **(Bank Fraud, 18 U.S.C. § 1344;** |
| **a/k/a "Manny,"** | * | **Aggravated Identity Theft,** |
| | * | **18 U.S.C. § 1028A(a)(1); Aiding** |
| **Defendant** | * | **and Abetting, 18 U.S.C. § 2;** |
| | * | **Forfeiture 18 U.S.C. § 982(a)(2))** |
| | * | |

*******

### INDICTMENT

### COUNTS ONE THROUGH FOUR
### (Bank Fraud)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

#### Introduction

1.    Defendant **EMMANUEL KUSI APPIAH ("APPIAH")** was a resident of Silver Spring, Maryland.

#### The Victim Financial Institutions

2.    Branch Banking and Trust Company ("BB&T Bank"); Citibank, N.A. ("Citibank"); and M&T Bank, N.A. ("M&T Bank") were financial institutions within the meaning of Title 18, United States Code, Section 20, and had their deposits insured by the Federal Deposit Insurance Corporation ("FDIC") (the "financial institutions").

#### The Fraudulent Business and Fraudulent Business Bank Account

3.    On or about February 9, 2015, a fraudulent business named "Imperial Pipe Inc." was registered with the Maryland State Department of Assessments and Taxation ("SDAT"). The

Articles of Incorporation for Imperial Pipe Inc. listed various directors, including, among others, "Miranda Hills." The Articles of Incorporation for Imperial Pipe Inc. were purportedly completed by "Miranda Hills," with an address in Washington, DC.

4.    On or about March 9, 2015, an M&T Bank account with an account number ending in 1094 was opened at an M&T Bank branch in Glen Burnie, Maryland in the business name of "Imperial Pipe Inc.," with a business owner of "Miranda Hills," and the same mailing address in Washington, DC used to register the company with SDAT ("Imperial Pipe M&T Bank 1094 Account").

### The Fraudulent Individual Bank Accounts

5.    On or about June 3, 2014, a BB&T Bank account with an account number ending in 5892 was opened at a BB&T Bank branch in Glen Burnie, Maryland in the name of Victim 1 and without the authorization of Victim 1, and with a mailing address in Washington, DC ("Victim 1's Fraudulent BB&T Bank 5892 Account").

6.    On or about March 17, 2016, an M&T Bank account with an account number ending in 1420 was opened online in the name of Victim 2 and without the authorization of Victim 2, and with a mailing address of Victim 2's true mailing address in Maryland ("Victim 2's Fraudulent M&T Bank 1420 Account").

### The Victim Bank Accounts

7.    Victim 2 maintained a credit card account with an account number ending in 9043 with Citibank ("Victim 2's Citibank 9043 Account"). Citibank issued checks for Victim 2's Citibank 9043 Account.

2

8.    Victim 3 maintained a bank account with an account number ending in 9049 with Citibank ("Victim 3's Citibank 9049 Account").  Citibank issued checks for Victim 3's Citibank 9049 Account.

9.    Victim 4 maintained a credit card account with an account number ending in 4301 with Citibank ("Victim 4's Citibank 4301 Account").  Citibank issued checks for Victim 4's Citibank 4301 Account.

10.    A "means of identification," as defined in Title 18, United States Code, Section 1028(d)(7), was any name or number that could be used alone or in conjunction with any other information to identify a specific individual, including any name and unique electronic identification number, address, and routing code.

### The Scheme to Defraud

11.    Between in or about February 2014 and in or about May 2016, in the District of Maryland and elsewhere, the defendant,

### EMMANUEL KUSI APPIAH,

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the financial institutions and to obtain monies, funds, credits, assets, and securities owned by and under the control of the financial institutions, by means of false and fraudulent pretenses, representations and promises ("the scheme to defraud").

### Manner and Means of the Scheme to Defraud

12.    It was part of the scheme to defraud that **APPIAH** and others, known and unknown to the Grand Jury, registered fraudulent businesses with SDAT, including but not limited to Imperial Pipe Inc. (the "fraudulent businesses").

13.     It was further part of the scheme to defraud that **APPIAH** and others, known and unknown to the Grand Jury, opened fraudulent bank accounts in the names of the fraudulent businesses, including but not limited to the Imperial Pipe M&T Bank 1094 Account (the "fraudulent business bank accounts").

14.     It was further part of the scheme to defraud that **APPIAH** and others, known and unknown to the Grand Jury, opened fraudulent bank accounts, without authorization, in the names and identities of other persons, including but not limited to Victim 1's Fraudulent BB&T Bank 5892 Account and Victim 2's Fraudulent M&T Bank 1420 Account (the "fraudulent individual bank accounts").

15.     It was further part of the scheme to defraud that **APPIAH** and others, known and unknown to the Grand Jury, fraudulently obtained checks, in the names and identities of other persons, including, among others, Victim 2, Victim 3, and Victim 4.

16.     It was further part of the scheme to defraud that **APPIAH** and others, known and unknown to the Grand Jury, in Maryland and elsewhere, deposited without authorization the fraudulently obtained checks into the fraudulent business bank accounts and the fraudulent individual bank accounts, which caused funds under the custody and control of financial institutions to be transferred to other financial institutions, in the total amount of at least $91,444.06.

17.     It was further part of the scheme to defraud that **APPIAH** and others, known and unknown to the Grand Jury, used Automatic Teller Machines ("ATMs") in Maryland and elsewhere to withdraw, without authorization, U.S. Currency under the custody and control of financial institutions from the fraudulent business bank accounts and the fraudulent individual bank accounts.

4

## The Charges

18.     On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant,

### EMMANUEL KUSI APPIAH,

did knowingly and willfully execute and attempt to execute the scheme to defraud as follows:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | September 15, 2014 | In College Park, Maryland, **APPIAH** deposited Check No. 21338 in the amount of $4,850, drawn on Victim 4's Citibank 4301 Account, into Victim 1's Fraudulent BB&T Bank 5892 Account, which caused funds under the custody and control of Citibank to be transferred to BB&T Bank. |
| 2 | May 7, 2015 | In College Park, Maryland, **APPIAH** deposited Check No. 1254 in the amount of $14,782.29, drawn on Victim 3's Citibank 9049 Account, into Imperial Pipe M&T Bank 1094 Account, which caused funds under the custody and control of Citibank to be transferred to M&T Bank. |
| 3 | May 10, 2016 | In College Park, Maryland, **APPIAH** deposited Check No. 1022 in the amount of $4,900, drawn on Victim 2's Citibank 9043 Account, into Victim 2's Fraudulent M&T Bank 1420 Account, which caused funds under the custody and control of Citibank to be transferred to M&T Bank. |
| 4 | May 22, 2016 | In Silver Spring, Maryland, **APPIAH** used an ATM to withdraw $20 in U.S. Currency, under the custody and control of M&T Bank, from Victim 2's Fraudulent M&T Bank 1420 Account. |

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT FIVE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 17 of Counts One through Four are incorporated here.

2.     On or about May 7, 2015, in the District of Maryland, the defendant,

### EMMANUEL KUSI APPIAH,

knowingly possessed and used, without lawful authority, a means of identification of another person, to wit, the name, personal bank account number, and check issued to Victim 3 for Victim 3's Citibank 9049 Account, during and in relation to Bank Fraud under 18 U.S.C. § 1344, as charged in Count Two of this Indictment and incorporated here.


18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

6

## COUNT SIX
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 17 of Counts One through Four are incorporated here.

2.      On or about May 10, 2016, in the District of Maryland, the defendant,

### EMMANUEL KUSI APPIAH,

knowingly possessed and used, without lawful authority, a means of identification of another person, to wit, the name, credit card account number, and check issued to Victim 2 for Victim 2's Citibank 9043 Account, during and in relation to Bank Fraud under 18 U.S.C. § 1344, as charged in Count Three of this Indictment and incorporated here.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2

7

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 982(a)(2), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction on Counts One through Four of this Indictment.

2.      As a result of the offenses set forth in Count One through Four of this Indictment, the defendant,

### EMMANUEL KUSI APPIAH,

shall forfeit to the United States any property, constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offenses, including but not limited to a money judgment in the amount of at least $91,444.06.

3.      If any of the property described above, as a result of any act or omission of the defendant:

     a.      cannot be located upon the exercise of due diligence;

     b.      has been transferred or sold to, or deposited with, a third party;

     c.      has been placed beyond the jurisdiction of the court;

     d.      has been substantially diminished in value; or

     e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).


18 U.S.C. § 982(a)(2)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Stephen M. Schenning / NAM_
Stephen M. Schenning
Acting United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

Date:  November 29, 2017

9